# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

BRAYON WILLIAMS,         )
                                 )
         Plaintiff,          )
   v.                          )        No. 2:24-cv-00096-SEP
                                 )
STATE OF MISSOURI,       )
                                 )
         Defendant.     )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Brayon Williams's Application to Proceed in the District Court without Prepaying Fees and Costs, Doc. [2]. On review of the application and financial information provided therein, the Court will grant the application and waive the filing fee. For the reasons set forth below, the case is dismissed without prejudice.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). Still, even pro se complaints must

"allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

THE COMPLAINT

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against the State of Missouri, specifically the Missouri Supreme Court, alleging violations of his constitutional rights. Plaintiff's claims are as follows:

> February 23 2021 the Supreme Court took a cause of action filed by myself prose [sic] under signature assigned Wilbj for subject matter described under cause number 20AR-CR00362-01, where I Brayon Williams believed I was the victim of actions by law enforcement whose conduct whose conduct went in conflict, or appeared to be in conflict with the United States Constitution's regulations on governmental intrusions of liberty, life and the pursuit of happiness guaranteed by the United States Constitution in which executive, legislative, and judicial actors swore to uphold and protect. I made such appearant [sic] improprieties clear to the Supreme Court after Associate Circuit Judge for Adair County, Kristie Swaim, ignored this information as reported and found that the subject was not suffiecient [sic] to find penalty under felony conduct, though [sic] such actions as subjected under this cause finds no authorization to be administered in our United States Constitution, the actions went ignored by the Supreme Court and the Attorney General, while allowing me to be convicted for felony, where such a crime as possessing a controlled substance compares to treason, corruption, priacy [sic], murder, rape, ect. [sic]. Where I affected [sic] no other person and I was justified where no justification was necessary to excuse my presence in the restroom of a gas station during store hours without causing my own demise. The Supreme Court and its judges chose not to support our Constitution and cause action towards these officers of the court at all.

Doc. [1] at 5. Plaintiff seeks a writ of mandamus "to cause the legislature and executive branch officials" to remove state judicial officers for "misbehaving and disability." *Id*.

DISCUSSION

Plaintiff filed an identical complaint with this Court on November 14, 2024. *See Williams v. State of Missouri*, Case No. 2:24-CV-88-JSD (E.D. Mo. Nov. 14, 2024) ("*Williams I*"). There is no difference between the instant action and the prior action. On November 18, 2024, the Honorable Henry E. Autrey dismissed *Williams I*. Judge Autrey stated:

2

It is not entirely clear what claims plaintiff is seeking to bring against the Missouri Supreme Court and what relief he is seeking in this matter. It appears, however, that plaintiff disagrees with rulings made by Associate Circuit Judge Kristie Swaim in a state criminal case filed against him in April of 2020. *See State v. Williams*, No. 20AR-CR00362-01 (2nd Jud. Cir., Adair County Court). In the criminal case cited by plaintiff in his complaint, plaintiff was charged with possession of a controlled substance (methamphetamines), represented himself in a one-day jury trial held on August 1, 2022, and was sentenced to seven (7) years imprisonment in the Missouri Department of Corrections. *Id.* As noted above, it appears that plaintiff was released on parole in late 2022. Plaintiff's conviction and sentence was upheld on appeal. *See State v. Williams*, No. WD85840 (Mo. Ct. App. 2024). And the Supreme Court of Missouri declined plaintiff's application for transfer the matter to that Court for review. *State v. Williams*, No. SC100551 (Mo. 2024).[1]

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254 after plaintiff has exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff is seeking to overturn his conviction, plaintiff must wait until the conclusion of his post-conviction process to file an application for writ of habeas corpus in this Court.

To the extent plaintiff is seeking to imply the invalidity of his conviction or sentence, plaintiff cannot seek to do so under § 1983 unless his state sentence has been reversed, expunged or called into question by a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rule espoused in *Heck* pertains even to plaintiff's injunctive relief claims. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Even if plaintiff had the ability to file a § 1983 claim at this time, his claims against the State of Missouri (the Missouri Supreme Court), would be subject to dismissal. To the extent plaintiff is attempting to sue the judges of the Missouri Supreme Court they have judicial immunity from suit. *See Schottel v. Young,* 687 F.3d 370, 373 (8th Cir. 2012) and *Duty v. City of Springdale, Ark.,* 42 F.3d 460, 462 (8th Cir. 1994).

Furthermore, the Eleventh Amendment bars suit against a State and its agencies, as well as against state courts.[2] *See Mildfelt v. Circuit Court of Jackson Cty., Mo.,* 827 F.2d 343, 345 (8th Cir. 1987); *Harris v. Missouri Court of Appeals, Western*

---

[1] Plaintiff filed a motion for post-conviction relief from his conviction on June 5, 2024. The matter is currently under advisement. *See Williams v. State*, No. 24AR-CV00443 (2nd Jud. Cir., Adair Cnty).

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

3

*Dist.,* 787 F.2d 427, 429 (8th Cir. 1986) (stating that "courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the eleventh amendment"). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal quotation and citation omitted)). As such, plaintiff's claims against the Missouri Supreme Court, its judges, and the State of Missouri are subject to dismissal.

*Williams I*, Doc. [4]. The Court subsequently denied Plaintiff's motion for reconsideration. *Williams I*, Doc. [7].

For the reasons stated in Judge Autrey's November 18, 2024, Order, this action will be dismissed. Plaintiff has pled no facts from which the Court could find a claim to relief that is plausible on its face. Because Plaintiff has brought so many similar cases in this Court and has consistently failed to plead a claim that passed initial review under § 1915(e)(2)(B), the Court will dismiss this action without granting leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 9th day of April, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4